Dear Mr. Lewis:
This office is in receipt of your opinion request dated November 2, 1995, in which you ask whether the District Attorney may use proceeds from his discretionary fund for various purposes. Specifically, you name these purposes as:
 (1) advertising messages on various items such as pens, calendars and newspaper advertisements promoting anti-drug campaigns and the dangers of drinking and driving;
 (2) sponsoring and/or co-sponsoring community programs for various public purposes such as drug deterrence and alcohol abuse.
You also ask whether the District Attorney may use his name in conjunction with these advertisements, promotions and sponsorships.
For purposes of our discussion, I will assume that the discretionary funds at issue are derived pursuant to LSA-R.S.15:571.11.
LSA-R.S. 15:571.11(A)(1)(a) states:
 All fines and forfeitures, except for forfeitures of criminal bail bonds posted by a commercial security imposed by district courts and district attorneys, conviction fees in criminal cases, and prosecutions for violations of state law or parish ordinances, upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special "Criminal Court Fund" account, which, on motion by the district attorney and approval order of the district judge, may be used or paid out in defraying the expenses of the criminal courts of the parish as provided in Ch. C. Articles 419 and 421 and R.S. 16:6, in defraying the expenses of those courts in recording and transcribing of testimony, statements, charges, and other proceedings in the trial of indigent persons charged with the commission of felonies, in defraying their expenses in the preparation of records in appeals in such cases, for all expenses and fees of the petit jury and grand jury, for witness fees, for attendance fees of the sheriff and clerk of court, for costs and expenses of a parish law library, and for other expenses related to the judges of the criminal courts and the office of the district attorney. In the Second Judicial District, the criminal court fund shall be used to defray the expenses of the criminal court system. (Emphasis Added.)
This office has concurred with expenditures from this Criminal Court Fund ("Fund") for a broad range of items including office furniture for the district judge's office (Opinion 86-131) and radar equipment (Opinion 85-319). More relevant to our discussion is Opinion 84-967 which concluded that the District Attorney may hire a public relations and information officer and pay him from said Fund pursuant to a professional services contract.
These opinions focus on the omnibus spending clause emphasized above which permits "for other expenses related to the judges of criminal courts and the office of the district attorney." The statute also provides the procedure by which expenditures may be made, requiring that payments be made only on motion by the district attorney and approval order by the district judge.
The purposes you present are not part of the illustrative list of proper expenditures presented in LSA-R.S. 15:571.11. Therefore, in order for them to receive disbursements from the Fund they must be expenses related to the judges of the criminal courts and the office of the district attorney, thereby falling within the omnibus expense clause. Consequently, it is necessary to look to the policy underlying the statute and the purposes behind promotions and programs you mention.
As stated in Opinion 87-244(A), law enforcement cannot reasonably be divided into separate and distinct entities. Practical considerations demand that these various levels of law enforcement work together in order to effectuate an efficient criminal justice system. The Criminal Court Fund must be interpreted to promote those goals in all reasonable respects. Therefore, the use of these funds for public programs and advertisements relating to drug prevention and the like may be authorized under LSA-R.S. 15:571.11, so long as the use of those funds is consistent with the spirit of the law.
The same analysis applies as per whether the name of the District Attorney may be used in these programs and promotions. However, the Office of the Attorney General is not designed as a policy maker for local judicial districts. Therefore, each governing authority must make an independent evaluation of their situation and make a decision based on those facts. Thus, specific questions about the necessity, reasonableness or propriety of a specific expenditure is not within the scope of this office's authority. Rather, it is to be determined by the criminal court judges and district attorneys, realizing that such expenditure be reasonable, necessary and proper.
Accordingly, it is the opinion of this office that the Criminal Court Fund established by LSA-R.S. 15:571.11 may supply a source of funds to help meet expenses of public service promotions and sponsorships upon motion of the district attorney and approval order of the district judge, or the order or warrant of the district judge and district attorney.
I trust this adequately answers your questions. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF:gbe
Date Received:
Date Released:
Carlos M. Finalet, III Assistant Attorney General